UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-00218-TBR

DANA ADAMS, *et al.* PLAINTIFFS

v.

FIFTH THIRD BANK DEFENDANT

**Memorandum Opinion and Order**

This matter is before the Court upon Defendant Fifth Third Bank's motion for judgment on the pleadings. [DN 10.] Plaintiffs Dana Adams and Robert Jones have responded, [DN 13], and Fifth Third has replied, [DN 19]. Plaintiffs have also moved to supplement the record with certain items obtained during discovery. [DN 20]. Fully briefed, both motions are ripe for adjudication. For the following reasons, Plaintiffs' motion to supplement the record [DN 20] is GRANTED. Fifth Third's motion for judgment on the pleadings [DN 10] is GRANTED IN PART and DENIED IN PART.

**I. Facts and Procedural History**

The facts of this case, taken primarily from Plaintiffs' complaint, are largely undisputed. In 2004, Plaintiffs Dana Adams and Robert Jones executed a note and mortgage with Fifth Third Bank (Louisville), assumed name for Fifth Third Bank, Kentucky, Inc. [DN 13 at 2; DN 19 at 4.] Fifth Third Bank, Kentucky, Inc. later merged with Fifth Third Bank, Inc. ("Fifth Third"), the Ohio corporation that is the defendant in this suit. [DN 19-1 at 1.] In 2009, Fifth Third filed a foreclosure action against Adams and Jones in Jefferson County, Kentucky Circuit Court. [DN

1 at 1.] Although its reason for doing so is unclear, Fifth Third voluntarily dismissed the 2009 suit and released the underlying mortgage by filing a Deed of Release with the Jefferson County Clerk. [*Id.*] Six years later, Fifth Third again sued Adams and Jones in Jefferson Circuit Court, attempting to collect upon the note that was the subject of the 2009 suit. [*Id.*] Fifth Third then moved for summary judgment in the 2015 suit, attaching to their motion a copy of the previously-released mortgage. [*Id.* at 2.] Plaintiffs' attorney contacted Fifth Third in early 2016 in an attempt to convince Fifth Third to dismiss the 2015 state court suit. [*Id.* at 3.] Fifth Third did not dismiss the case, but instead withdrew its motion for summary judgment. [*Id.*] The 2015 suit is still pending in Jefferson Circuit Court. [DN 10-1 at 2.]

Plaintiffs allege that on or about March 31, 2016, after Fifth Third withdrew its motion, Fifth Third initiated "hard credit inquiries" for Plaintiffs' consumer credit reports. [*Id.*] Because neither Adams nor Jones had made an application for credit with Fifth Third near that time, they contend that Fifth Third's credit inquiries violated the Fair Credit Reporting Act (FCRA). [DN 1 at 6.] Specifically, Plaintiffs claim that Fifth Third "knowingly and intentionally violated the FCRA by requesting [Plaintiffs'] consumer credit reports for an impermissible purpose," and is liable to them for statutory damages of $1,000 or their actual damages, whichever is greater, together with punitive damages, and attorney's fees. [*Id.*] In the alternative, Plaintiffs claim Fifth Third "negligently violated the

FCRA," and are therefore liable to Plaintiffs for actual damages and attorney's fees. [*Id.*]

Fifth Third answered, [DN 8], and then moved for judgment as a matter of law on the pleadings, [DN 10]. Plaintiffs responded, [DN 13; DN 18], and Fifth Third replied, [DN 19]. Plaintiffs also filed a motion to supplement their response, [DN 20], to which Fifth Third responded, [DN 23]. Fully briefed, this matter is ripe for adjudication.

## II. Standard of Review

Under Rule 12(c) of the Federal Rules of Civil Procedure, "a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Courts apply the same standard to motions for judgment on pleadings and motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010) (citing *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001)). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). The Sixth Circuit has stated that a Rule 12(c) motion for judgment on the pleadings "is granted when no material issue of fact exists and the party making

the motion is entitled to judgment as a matter of law." *Id.* (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

**III. Discussion**

To establish Fifth Third's liability under the FCRA, Plaintiffs must prove that Fifth Third accessed their credit reports without a permissible statutory purpose. Although Fifth Third contends otherwise, Plaintiffs assert a sufficiently concrete injury-in-fact giving them standing to pursue this case. Moreover, a material issue of fact exists regarding the purpose for which Fifth Third accessed Plaintiffs' credit reports. Although Plaintiffs have failed to adequately plead a negligent violation of the FCRA under 15 U.S.C. § 1681*o*, their willful violation claims under § 1681n may proceed.

A. Fair Credit Reporting Act

The Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, seeks to protect consumers from erroneous or arbitrary credit reporting. The FCRA, among other things, regulates the permissible uses of "consumer reports," defined by the statute as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness" that is used for an authorized purpose. 15 U.S.C. § 1681a(d)(1). Section 1681b delineates the exclusive circumstances under which a credit reporting agency may furnish a credit report. Pertinent to this case, "A consumer reporting agency may furnish a consumer report . . . to a person which . . . intends to use the information in connection with a credit transaction involving the consumer . . . and involving the . .

. review or collection of an account." *Id.* § 1681b(a)(3) (internal subdivisions omitted). To succeed on a claim of improper use or acquisition of a credit report, the plaintiff must prove three elements: "[1] that there was a 'consumer report' within the meaning of the statute, [2] that the defendant used or obtained it, and [3] that the defendant did so without a permissible statutory purpose." *Bowling v. Scott Lowery Law Office, P.C.*, No. 5:13-CV-00091-TBR, 2014 WL 3942280, at *2 (W.D. Ky. Aug. 12, 2014) (citations omitted). When a defendant "willfully" violates the FCRA, it may be liable to the consumer for the consumer's actual damages or $1,000 statutory damages, whichever is greater, together with costs, attorney's fees, and punitive damages. 15 U.S.C. § 1681n(a). A negligent violation of the FCRA, meanwhile, exposes a defendant to liability for the consumer's actual damages, costs, and fees. *Id.* § 1681*o*.

Fifth Third advances several arguments seeking to show why it is not liable to Plaintiffs. First, Fifth Third contends that Plaintiffs have not sufficiently alleged a concrete injury-in-fact giving rise to Article III standing. Second, Fifth Third argues that it obtained Plaintiffs' credit reports for the permissible purpose of collecting a debt. Finally, Fifth Third claims that Plaintiffs cannot recover under § 1681n because they have not alleged that Fifth Third acted willfully, and cannot recover under § 1681*o* because they do not claim any actual damages. The Court will address each argument in turn.

B. Standing

Fifth Third first argues that Plaintiffs "have failed to allege sufficient facts to establish that [they] ha[ve] Article III standing to assert their claims." [DN 10-1 at 4.] The Constitution vests "[t]he judicial Power of the United States" in the federal courts, Art. III, § 1, and that power extends to all "Cases" and "Controversies," Art. III, § 2. The doctrine of standing is "rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, __ U.S. __, 136 S.Ct. 1540, 1547 (2016). To possess standing, a plaintiff must demonstrate an "injury in fact" that is "fairly . . . trace[able]" to the defendant and will "likely . . . be 'redressed by a favorable decision.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561-62 (1992) (quoting *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 41-43 (1976)). An "injury in fact" is "'an invasion of a legally protected interest' that is 'concrete and particularized' and actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc.*, 136 S.Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560 (internal quotation marks omitted)). Plaintiffs, as the "part[ies] invoking federal jurisdiction[,] bear[] the burden of establishing these elements." *Lujan*, 504 U.S. at 561 (citing *FW/PBS Inc. v. Dallas*, 493 U.S. 215, 231 (1990)). "[A]t the pleading stage, [Plaintiffs] must 'clearly . . . allege facts demonstrating' each element." *Spokeo, Inc.*, 136 S.Ct. at 1547 (quoting *Warth v. Seldin*, 422 US. 518 (1975)).

Fifth Third's standing argument is primarily based upon *Spokeo, Inc. v. Robins*, a Supreme Court case decided last term. Spokeo is a web-based company that allows users to search for information about other people. *Spokeo*, 136 S.Ct.

at 1544. Robins, the plaintiff, alleged that a Spokeo user initiated a search that gathered and disseminated inaccurate information about him. *Id.* Robins filed a putative class-action suit against Spokeo in federal court, alleging that Spokeo "willfully failed to comply" with several provisions of the FCRA. *Id.* at 1546. The Ninth Circuit reversed the district court's dismissal of Robins' complaint, holding that "Robins' 'alleged violations of [his] statutory rights [were] sufficient to satisfy the injury-in-fact requirement of Article III.'" *Id.* (quoting *Robins v. Spokeo, Inc.*, 742 F.3d 409, 413-14 (9th Cir. 2014)) (alterations in original).

The Supreme Court vacated and remanded, holding that the Ninth Circuit failed to address "whether the particular procedural violations alleged in [Robins'] case entail a degree of risk sufficient to meet the concreteness requirement" of the standing doctrine. *Id.* at 1550. In so holding, the Court wrote that "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* at 1549. In other words, "Article III standing requires a concrete injury even in the context of a statutory violation. . . . Robins could not, for example allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.* (citing *Summers v. Earth Island Institute*, 555 US. 488, 496 (2009)). With respect to Robins' case, involving the dissemination of incorrect information, Robins could only recover under the

FCRA if the "inaccuracies cause harm or present any material risk of harm." *Id*. at 1550.

Here, Fifth Third claims that Plaintiffs allege only "a technical violation of the FCRA," which, based upon *Spokeo*, is insufficient to constitute a concrete injury-in-fact for Article III standing purposes. [DN 10-1.] Indeed, several district courts in post-*Spokeo* cases have found that FCRA plaintiffs did not allege a concrete injury. For instance, in *Smith v. Ohio State University*, the court held that the plaintiffs, prospective Ohio State employees, did not have standing under the FCRA when they "allege[d] that OSU provided a disclosure and authorization . . . which improperly included extraneous information such as a liability release, in violation of the FCRA." __ F. Supp. 3d __, 2016 WL 3182675, at *1, 4 (S.D. Ohio 2016). *See also Nokchan v. Lyft, Inc.*, No. 15-cv-03008-JCS, 2016 WL 5815287 (N.D. Cal. Oct. 5, 2016) (Spero, M.J.), *appeal docketed*, No. 16-16876, (9th Cir. Oct. 17, 2016) (employer's failure to provide FCRA disclosures in a separate document, standing alone, was not an injury-in-fact). But those cases, involving the FCRA's disclosure requirements, are distinguishable from the case at bar. These Plaintiffs do not allege a "bare procedural violation, divorced from any concrete harm." *Spokeo, Inc.*, 136 S.Ct. at 1549. Rather, Adams and Jones claim that Fifth Third's hard credit inquiries "lower[ed] their credit score[s] by up to five points or more." [DN 1 at 6.] A low credit score may have tangible, real-world consequences, making it more difficult for Plaintiffs to obtain credit cards, auto loans, and mortgages. *See* Fed. Trade Comm'n, How Credit Scores Affect the Price of Credit

and Insurance (2015), *accessible at* https://www.consumer.ftc.gov/ articles/pdf-0039-credit-scores.pdf.

Instead, Plaintiffs' case is more akin to *Burke v. Federal National Mortgage Association*, No. 3:16cv153-HEH, 2016 WL 4249496 (E.D. Va. Aug. 9, 2016). There, the plaintiff alleged that the defendant violated the FCRA "by unlawfully obtaining her credit report under the false pretense of an 'account review,' even though no account existed." *Id.* at *1. She claimed that by improperly requesting and obtaining her credit report, the defendant invaded her privacy, placed her at an increased risk of identity theft, and caused her to suffer anxiety and emotional distress. *Id.* Rejecting the defendant's argument that the plaintiff lacked standing, the district court held that "by claiming that the Defendant obtained her consumer report without a lawful purpose under the FCRA, Burke has pleaded a concrete harm." *Id.* at *4. Granted, these Plaintiffs do not allege damages stemming from an invasion of privacy; rather, they claim that they have been damaged by a lower credit score. If anything, this would seem to be a more concrete harm than invasion of privacy. In *Santangelo v. Comcast Corp.*, a pre-*Spokeo* case, the Northern District of Illinois concluded that "a depleted credit score is sufficient to constitute an injury-in-fact for the purposes of establishing Article III standing." 162 F. Supp. 3d 691, 698 (N.D. Ill. 2016). The Supreme Court's opinion in *Spokeo* does nothing to call the district court's holding in *Santangelo* into question. Plaintiffs' allegations of lower credit scores, taken as true for the purposes of Fifth Third's motion for judgment on the pleadings, are sufficient to

allege a concrete injury-in-fact for the purposes of standing under Article III. *See also Green v. RentGrow, Inc.*, Action No. 2:16cv421, 2016 WL 7018564, at *7-8 (E.D. Va. Nov. 10, 2016) (Report & Recommendation) (diminished credit score may establish injury-in-fact), *adopted by* 2016 WL 7031287 (E.D. Va. Nov. 30, 2016). Fifth Third does not argue that Plaintiffs' alleged harm fails to meet the other requirements of standing, *see Lujan*, 504 U.S. at 561-62, so the Court will now turn to the merits of Plaintiffs' FCRA claims.

D. Plaintiff's FCRA Claims

Even if Plaintiffs have standing, Fifth Third contends, their FCRA claims must still be dismissed. First, Fifth Third posits that it requested Plaintiff's credit report for the permissible purpose of collecting a debt. Second, Fifth Third argues that Plaintiffs' complaint is insufficient to state a violation of the FCRA, because they have failed to adequately plead willful conduct under § 1681n or actual damages under § 1681*o*. Although it is too early to tell whether Fifth Third had a permissible purpose, Fifth Third is correct with respect to Plaintiffs' § 1681*o* claims.

(1) *Permissible Purpose*

As previously stated, to prevail on their FCRA claims, Plaintiffs must prove (among other things) that Fifth Third obtained Plaintiffs' credit reports "without a permissible statutory purpose." *Bowling v. Scott Lowery Law Office, P.C.*, No. 5:13-CV-00091-TBR, 2014 WL 3942280, at *2 (W.D. Ky. Aug. 12, 2014). Fifth Third argues that it cannot be liable to Plaintiffs because it "accessed their credit reports for the permissible purpose of collecting a consumer debt Plaintiffs owed to

Fifth Third." [DN 10-1 at 10.] In response, Plaintiffs contend that Fifth Third had no right to collect any debt from Plaintiffs at the time it requested their credit reports, and therefore, Fifth Third had no permissible statutory purpose.

FCRA § 1681b lists the exclusive circumstances under which a consumer reporting agency may furnish a consumer's credit report, and also provides that "[a] person shall not use or obtain a consumer report . . . unless [] the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under [§ 1681b]." 15 U.S.C. § 1681b(f). In other words, a person seeking to obtain a credit report must have a permissible statutory purpose, and the credit reporting agency must only provide that report when such a purpose exists. Pertinent to this case, a credit reporting agency "may furnish a consumer report . . . to a person which . . . intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the . . . review or collection of an account." *Id.* § 1681(a)(3)(A). The Sixth Circuit has interpreted this statutory language to allow persons to access a consumer's report when seeking to collect a debt, including collection through litigation. *Geiling v. Wirt Financial Servs., Inc.*, No. 14-11027, 2014 WL 8473822, at *19-20 (E.D. Mich. Dec. 31, 2014) (Report & Recommendation) (citing *Duncan v. Handmaker*, 149 F.3d 424, 428 (6th Cir. 1998)), *adopted by* 2015 WL 1529866 (E.D. Mich. Mar. 31, 2015).

Of course, for the debt-collection permissible purpose to apply, an outstanding debt must actually exist. *See Rodgers v. McCullough*, 296 F. Supp. 2d.

895, 900 (W.D. Tenn. 2003). The parties here vigorously contest whether or not Defendant Fifth Third Bank, Inc. actually holds Plaintiffs' debt. Plaintiffs contend that Fifth Third Bank (Louisville), assumed name for Fifth Third Bank, Kentucky, Inc., "originated the note and mortgage at issue in the two Jefferson Circuit Court actions." [DN 13 at 3.] The parties agree that Fifth Third Bank, Kentucky, Inc., is an inactive Michigan corporation that ceased its Kentucky operations in 2010. Plaintiffs argue that because Fifth Third Bank, Kentucky, Inc. did not indorse Plaintiffs' note to Defendant Fifth Third Bank, Inc., Defendant has no right to collect upon Plaintiffs' note. Conversely, Defendants claim that because Fifth Third Bank Kentucky, Inc. merged with Defendant Fifth Third Bank, Inc. in 2010, Defendant now holds Plaintiffs' debt and is therefore entitled to collect upon it. And because Fifth Third is entitled to collect from Plaintiffs, it says, Fifth Third is also entitled to request Plaintiffs' consumer credit reports under the FCRA's debt collection permissible purpose.

However, the Court need not resolve this disputed issue at this time, because the record is devoid of any proof that Fifth Third actually accessed Plaintiffs' credit report for the purpose of collecting a debt *in this case*. Fifth Third has convincingly argued that the FCRA allows a debt collector to access a debtor's consumer credit report during collection litigation, and that if Fifth Third holds Plaintiffs' debt, the debt collection permissible purpose might apply. But it is not clear, at least at this point, that Fifth Third actually obtained Plaintiffs' credit reports to assist Fifth Third in collecting Plaintiffs' debt. Plaintiffs speculate in their complaint that

Fifth Third "may have" requested their credit reports in connection with the underlying Jefferson County lawsuit, but their statement is just that – speculative. [DN 1 at 6.]

Moreover, even if Fifth Third had come forth with evidence, presumably in the form of an affidavit or declaration, stating that Plaintiffs' reports were obtained as part of that suit, the Court could not consider that evidence without converting Fifth Third's motion into a motion for summary judgment. On a motion for judgment on the pleadings, the Court may consider only the plaintiffs' "well-pleaded material allegations . . . taken as true," *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008), along with documents that "are referred to in the plaintiff's complaint and are central to her claims" and "matters of public record," *McLaughlin v. CNX Gas Co.*, 639 F. App'x 296, 298-99 (6th Cir. 2016) (citations omitted). Here, the purpose for which Fifth Third acquired Plaintiffs' credit reports is not entirely clear on the face of Plaintiffs' complaint and its integral documents. Therefore, the Court must wait until a later stage of this case to resolve the question of Fifth Third's permissible purpose under FCRA (or lack thereof). And because that issue must remain outstanding, the Court need not decide at this time whether Fifth Third holds Plaintiffs' debt. Plaintiffs have plausibly alleged that Fifth Third obtained their consumer credit reports without a permissible purpose, so their claims need not dismissed upon this ground.

(2) *Sufficiency of Plaintiffs' Complaint*

If a FCRA plaintiff shows that a defendant obtained her consumer report without a permissible purpose, her recovery will depend upon the defendant's culpability and the nature and extent of the plaintiff's damages. Plaintiffs' first FCRA claim, based upon 15 U.S.C. § 1681n, states that "Fifth Third Bank knowingly and intentionally violated the FCRA by requesting [Plaintiff's] consumer credit reports for an impermissible purpose." [DN 1 at 6.] Fifth Third argues that because "Plaintiffs have provided only conclusory allegations as to the willful nature of the alleged violations," their complaint "is insufficient to state a claim under the FCRA." [DN 10-1 at 5.] The Court disagrees.

Section § 1681n(a) provides:

> Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of—
>
> (1)(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; []
>
> . . .
>
> (2) such amount of punitive damages as the court may allow; and
>
> (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

15 U.S.C. § 1681n(a). The Supreme Court held in *Safeco Insurance Co. of America v. Burr* that defendants may also violate § 1681n by acting recklessly. 551 U.S. 47, 52 (2007). A company acts recklessly in the context of the FCRA when it "[runs] a risk of violating the law substantially greater than the risk associated with a

reading [of the FCRA] that was merely careless." *Id.* at 69. The Sixth Circuit has interpreted *Safeco*, albeit in dicta, to extend to "deliberate" and "knowing" statutory violations as well. *Armalite, Inc. v. Lambert*, 544 F.3d 644, 648-49 (6th Cir. 2009) (citing *Safeco*, 551 U.S. at 57-59).

Fifth Third points out, correctly, that the words "willfully" and "recklessly" appear nowhere in Plaintiffs' complaint. *See generally* [DN 1.] Plaintiffs do, however, state that Fifth Third "knowingly and intentionally violated the FCRA." [*Id.* at 6.] Although the language of Plaintiffs' complaint does not track the statute, at this early stage of the case, Plaintiffs have plausibly alleged that Fifth Third acted willfully. Taking as true Plaintiffs' well-pleaded material allegations, Fifth Third, knowing it had no right to collect a debt from Plaintiffs, and knowing Plaintiffs had not recently initiated a credit transaction, obtained Plaintiffs' credit reports anyway. These allegations "imply recklessness at the very least, and reckless conduct qualifies as willful conduct under the FCRA." *Santangelo v. Comcast Corp.*, 162 F. Supp. 3d 691, 700 (N.D. Ill. 2016) (citing *Murray v. New Cingular Wireless Servs., Inc.*, 523 F.3d 719, 725-26 (7th Cir. 2008)) (plaintiff's complaint that defendant obtained his credit report when defendant "knew that it did not have a legitimate need" plausibly stated FCRA claim); *Safeco*, 551 U.S. at 47.

Fifth Third next argues that even if Plaintiffs have sufficiently pled willful conduct under 15 U.S.C. § 1681n, they have failed to adequately plead actual damages under § 1681*o*. That section provides:

> Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of—
>
> (1) any actual damages sustained by the consumer as a result of the failure; and
>
> (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

15 U.S.C. § 1681*o*(a). Unlike § 1681n, to recover under § 1681*o*, a successful plaintiff must show that she suffered actual damages as a result of the defendant's FCRA violation. Stated otherwise, to recover for a negligent FCRA violation, the plaintiff must demonstrate actual damages; to recover for a willful violation, she need not.

Fifth Third notes, again correctly, that Plaintiffs' complaint is devoid of any statement of actual damages other than a lower credit score. *See generally* [DN 1.] Other courts to consider this same issue have ruled that a lower credit score, without more, does not constitute an "actual damage[]" for purposes of the FCRA. 15 U.S.C. § 1681*o*. For instance, the plaintiff in *Nowlin v. Avis Budget Group*, like Plaintiffs in this case, alleged that the defendant "initiated a hard pull of his credit report without [a] permissible purpose." *Nowlin v. Avis Budget Group*, No. 1:11CV511, 2011 WL 7087108, at *1 (M.D.N.C. Dec. 22, 2011) (Report & Recommendation), *adopted by* 2012 WL 204162 (M.D.N.C. Jan. 24, 2012) (internal quotation marks omitted). The court dismissed his complaint, writing that "an alleged decrease in credit score is not sufficient to state a claim for damages." *Id.* at *2 (citations omitted). Similarly, in *Young v. Harbor Motor Works*, an Indiana

district court held that the plaintiff did not sufficiently plead actual damages under § 1681*o* when he claimed only that the defendant's impermissible request for his credit report lowed his credit score, but did not allege that "he was denied credit, lost credit, had his credit limits lowered, or was required to pay a higher interest rate for credit." *Young v. Harbor Motor Works, Inc.*, No. 2:07-CV-31 JVB, 2009 WL 187793, at *5 (N.D. Ind. Jan. 27, 2009); *see also Novak v. Experian Information Solutions, Inc.*, 782 F. Supp. 2d 617, 624 (N.D. Ill. 2001) (plaintiff's "threadbare allegation" of actual damage insufficient to state a claim under § 1681*o*).

Here, although Plaintiffs' claim that "[e]ach impermissible hard inquiry for [Plaintiffs'] consumer credit report . . . lower[ed] their credit score by up to five points or more" is sufficient to confer Article III standing, those same claims are insufficient to constitute "actual damage[]" under FCRA § 1681*o*. Whether a plaintiff's alleged damages meet the pleading standard required for the particular claim at issue is a separate and distinct inquiry from whether a plaintiff's harm constitutes an Article III injury-in-fact. The latter inquiry raises a jurisdictional issue; the former "calls for a judgment on the merits." *Bell v. Hood*, 327 U.S. 678, 682 (1946). By alleging that their credit scores are lower because of Fifth Third's actions, Plaintiffs have indeed demonstrated a sufficiently concrete and particularized injury for the purposes of Article III standing. *See Santangelo v. Comcast Corp.*, 162 F. Supp. 3d 691, 698 (N.D. Ill. 2016). However, Plaintiffs fail to "provide[] even the slenderest of allegations to buttress the conclusion that [they] suffered actual damages." *Novak*, 782 F. Supp. 2d at 623. They do not claim that

they were "denied credit or lost credit or [were] subjected to a higher interest rate" as a result of Fifth Third's credit inquiries. *Id.* They do not claim "any non-pecuniary damage such as loss of reputation or physical or mental effects." *Young*, 2009 WL 187793, at * 5 (citing *Sarver v. Experian Info. Solutions*, 390 F.3d 969, 971 (7th Cir. 2004)). Plaintiffs claim only that their credit scores are "up to five points" lower. [DN 1 at 6.] Other courts have held that such allegations are simply insufficient to constitute "actual damages" under FCRA § 1681*o*, and Plaintiffs have presented this Court with no compelling reason to depart from those previous cases. While Plaintiffs' § 1681n claims may proceed, their § 1681*o* claims may not.

**IV. Conclusion**

For the foregoing reasons, IT IS HEREBY ORDERED:

Plaintiffs' motion to supplement the record [DN 20] is GRANTED. Defendant's motion for judgment on the pleadings [DN 10] is GRANTED IN PART and DENIED IN PART. Plaintiffs' claims under 15 U.S.C. § 1681*o* are DISMISSED WITH PREJUDICE. Their claims under 15 U.S.C. § 1681n may proceed.

A **telephonic scheduling conference** shall be held **February 23, 2017** at **11:00 a.m. Eastern time**. The Court shall place the call to counsel. The parties shall confer and file a proposed scheduling order prior to that date.

Thomas B. Russell

**Thomas B. Russell, Senior Judge**
**United States District Court**

February 9, 2017

CC: Counsel of Record